IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 10-cv-00362-PAB

BIG O TIRES, LLC, a Nevada limited
liability company f/k/a BIG O TIRES, INC.,
a Colorado corporation,

    Plaintiff,

v.

FELIX BROS., INC., a California corporation,
RALPH FELIX, an individual,
ARMIDA FELIX, an individual,
ANGEL FELIX, an individual, and
MARIA FELIX, an individual,

    Defendants.

## ORDER DENYING TEMPORARY RESTRAINING ORDER

This matter comes before the Court upon the plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction filed on February 19, 2010 ("Mot. for TRO") [Docket No. 2]. Local Rule 7.1A prohibits consideration of "any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party . . . before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter. The moving party shall state in the motion, or in a certificate attached to the motion, the specific efforts to comply with this rule." Furthermore, Local Rule 65.1A(2) makes clear that the "provisions of D.C.COLO.LCivR 7.1A shall apply to any . . . motion [for a temporary restraining order]."

Plaintiff certifies that "[c]ontemporaneously herewith [it] will be providing the Defendants . . . with notice of this motion and the injunctive relief sought" and that, "because of the irreparable harm being incurred and efforts by Big O to resolve directly with the Defendants the issues presented by this motion, it was impractical to confer prior to filing."  Mot. for TRO at 1.  This does not constitute conferral, or "reasonable, good faith efforts to confer with opposing counsel," before plaintiff filed its motion. Local Rule 7.1A; *see* Local Rule 65.1A (requiring that the moving party certify that it provided "actual notice . . . to the adverse party" of its motion for a temporary restraining order or indicate "the efforts made . . . to give such notice").  Moreover, plaintiff fails to identify any prejudice it would have suffered from complying with Local Rule 7.1A.  Instead, it merely claims that compliance would have been "impractical."

Due to plaintiff's failure to comply with the Local Rules, it is

**ORDERED** that plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction [Docket No. 2] is denied without prejudice.

DATED February 22, 2010.

                                                    BY THE COURT:

                                                    s/Philip A. Brimmer
                                                    PHILIP A. BRIMMER
                                                    United States District Judge